**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ASIA COOPER, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**BICKFORD OF TINLEY PARK, LLC,**<br><br>Defendant. | Case No.  22-cv-5091<br><br>Removed from the Circuit Court of Cook County, Case No. 2022 CH 07257 |

## NOTICE OF REMOVAL

Defendant Bickford of Tinley Park, LLC ("Bickford" or "Defendant") hereby removes the above-captioned action, which is currently pending in the Circuit Court of Cook County, to the United States District Court for the Northern District of Illinois. This removal is based on diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of its Notice of Removal, Defendant states the following:

### *The State Court Action*

1.     On July 27, 2022, Plaintiff Asia Cooper ("Plaintiff") filed a complaint ("Complaint") in the Circuit Court of Cook County, captioned *Asia Cooper, individually and on behalf of all others similarly situated v. Bickford of Tinley Park, LLC*, Case No. 2022 CH 07257 (the "Action"). The Complaint asserts claims for violations of the Illinois Biometric Information Privacy Act (740 ILCS 14/1, *et seq.*) ("BIPA") on behalf of Plaintiff and a putative class (Count I), as well as claims for violations of the Illinois Wage Payment and Collection Act (820 ILCS 115/1, *et seq.*) ("IWPCA") on behalf of Plaintiff individually (Counts II and III).

2.     Bickford was served with a copy of the Summons and the Complaint on August 18, 2022. In accordance with 28 U.S.C. § 1446(b), a true and correct copy of all process, pleadings,

and orders served on Bickford, including a copy of the Summons, Complaint, and Motion for Class

Certification and Memorandum in Support, are attached as **Exhibit 1**.

3.      This Notice of Removal is timely filed within 30 days of Bickford's receipt of

service of the Complaint as permitted by 28 U.S.C. § 1446(b).

4.      Plaintiff alleges that she brings the BIPA claims asserted in the Complaint on behalf

of a proposed class of "[a]ll individuals identified in Defendant's Biometric System within the five

years preceding the filing of Plaintiff's complaint" (the "Class"). (Ex. 1, Compl., ¶ 28.) Plaintiff

asserts that the Class consists of "scores, if not hundreds, of individuals." (*Id.*, ¶ 30.)

5.      Plaintiff alleges that Defendant violated her rights and the rights of the Class under

BIPA by:

- Failing to inform Plaintiff and the Class in writing that their biometric identifiers and information were being collected and stored, in violation of 740 ILCS 14/15(b)(1);

- Failing to inform Plaintiff and the Class in writing of the specific purpose and length of term for which their biometric identifiers or information were being collected, stored, and used, in violation of 740 ILCS 14/15(b)(2);

- Failing to obtain written releases from Plaintiff and the Class before it collected, used, and stored their biometric identifiers and information, in violation of 740 ILCS 14/15(b)(3);

- Failing to publicly provide and adhere to a retention schedule or guideline for permanent deletion of its employees' biometric data, in violation of 740 ILCS 14/15(a).

(*See id.*, ¶¶ 40-44.)

6.      For the BIPA claims, Plaintiff seeks monetary damages on behalf of herself and the

Class for each violation of BIPA, injunctive and other equitable relief, accrued interest, reasonable

litigation expenses and attorneys' fees, and any other relief as justice requires. (*Id.*, ¶ 45 and Prayer

for Relief.)

7.      In addition, Plaintiff asserts two individual claims under the IWPCA. Specifically, Plaintiff alleges that Bickford failed to pay her accrued paid time off as part of her final compensation, and that Bickford failed to pay her a bonus that she had earned. (*Id.*, ¶¶ 52, 60.) In total, Plaintiff seeks $641.75 in unpaid wages, plus accrued interest, and reasonable attorneys' fees and costs for these two claims. (*Id.*, ¶¶ 53, 61, and Prayer for Relief.)

### *Venue*

8.      Because the Circuit Court of Cook County, lies in the Northern District of Illinois, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a).

### *Diversity Jurisdiction*

9.      The federal courts have original jurisdiction over actions such as this one by virtue of the diversity jurisdiction granted by 28 U.S.C. § 1332(a)(1).

10.     The Parties are citizens of different states.

11.     Plaintiff is a citizen of Illinois. (Ex. 1, Compl., ¶ 5.)

12.     Bickford is a limited liability company. For purposes of diversity jurisdiction, limited liability companies are citizens of the states where its owning members are citizens. *Big Shoulders Capital LLC v. San Luis & Rio Grande Railroad, Inc.*, 13 F.4th 560, 565 (7th Cir. 2021).

13.     Bickford's sole member is Bickford Master II, LLC. Bickford Master II, LLC's sole member is Sycamore Street, LLC. The members of Sycamore Street, LLC are Alan Fairbanks, Michael Eby, Joseph Eby, and Andrew Eby, all individuals who are citizens of Kansas, and the Eby Group, Inc., a corporation incorporated and with its principal place of business in Kansas. (**Exhibit 2**, Declaration of Michael D. Eby ("Eby Decl."), ¶ 4.) Therefore, for purposes of determining diversity jurisdiction, Bickford is a citizen of Kansas, not Illinois. (*Id.*)

14. The parties are of diverse citizenship, as Plaintiff is a citizen of Illinois, and Bickford is a citizen of Kansas.

### *Amount in Controversy*

15. To support diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). A removing defendant can establish the amount in controversy "by calculation from the complaint's allegations." *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). The defendant need only establish by a preponderance of the evidence that the plaintiff could stand to recover over $75,000 if he were to prevail, not that the plaintiff would in fact be awarded more than that amount. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). A plaintiff may aggregate the amount in controversy across all claims against a specific defendant to satisfy the jurisdictional minimum. *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 548 (7th Cir. 2008).

16. Where a plaintiff provides little information regarding the value of his claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* at 511; *see also Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). Once the defendant has satisfied this burden, the plaintiff may defeat federal jurisdiction "only if it appears to a legal *certainty* that the claim is really for less than the jurisdictional amount." *Id.* (emphasis added); *see also Spivey v. Vertrue, Inc.*, 528 F. 3d 982, 986 (7th Cir. 2008).

17. While Bickford denies the validity and merit of all Plaintiff's claims and denies her requests for relief thereon, and though Plaintiff's Complaint is silent as to the total amount of damages claimed, the factual allegations in the Complaint, supplemented by her dates of employment (omitted from her pleadings), establish that more than $75,000 is at controversy in

this action with respect to Plaintiff's individual BIPA claims alone. *See Oshana*, 472 F. 3d at 511; *Blomberg*, 639 F.3d at 763.

18. Plaintiff claims that Bickford "intentionally or recklessly violated BIPA." (*See* Ex. 1, Compl. at 2 and ¶ 45.) Plaintiff alleges that Bickford "required its hourly workers, including Plaintiff, to clock in and out of shifts with a timeclock that scanned the shape and relative arrangement of her hand," and seeks damages for each violation. (*Id.* at ¶¶ 11, 45, and Prayer for Relief.) If each time Plaintiff clocked in or out of a shift for Bickford were deemed to be a separate violation of BIPA (a claim that Bickford would strenuously oppose), then at $5,000 per violation, only sixteen violations (eight shifts) would place $80,000 at issue. Plaintiff, employed by Bickford from approximately October 12, 2020 to February 2022, worked over 20 shifts in 2022 alone (*see* Ex. 2, Eby Decl. at ¶ 6), and thus well exceeds the minimum amount in controversy.

19. As a result of the diversity of citizenship and amount in controversy, diversity jurisdiction is satisfied and removal is proper

### *Compliance With Procedural Requirements*

20. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days of Bickford being served with the Complaint on August 18, 2022. (*See* Ex. 1.)

21. Attached as **Exhibit 3** is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on Plaintiff Asia Cooper, as required by 28 U.S.C. § 1446(d), through her attorney, J. Dominick Larry, Nick Larry Law LLC, 1720 W. Division Street, Chicago, Illinois 60622.

22. A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of Cook County. Attached as **Exhibit 4** is a copy of the Notice to State Court of

Filing Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of the Circuit Court of Cook County, as required by 28 U.S.C. § 1446(d).

23.     Bickford files this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves, any and all defenses.

**WHEREFORE,** having fulfilled all statutory requirements, Defendant Bickford of Tinley Park, LLC hereby removes this Action from the Circuit Court of Cook County, to this Court, and requests this Court assume full jurisdiction over the matter as provided by law and permit this Action to proceed before it as a matter properly removed thereto.

Dated: September 19, 2020

Respectfully submitted,

**BICKFORD OF TINLEY PARK, LLC**

s/ *Orly Henry*
 One of Defendant's Attorneys

Orly Henry
*ohenry@littler.com*
Littler Mendelson, P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois  60654
Phone: (312) 372-5520

Jeffrey D. Hanslick
*jhanslick@littler.com*
Littler Mendelson, P.C.
1201 Walnut Street, Suite 1450
Kansas City, Missouri 64106
Phone: (816) 627-4400

*Attorneys for Defendant Bickford of Tinley Park, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

  I, Orly Henry, an attorney, certify that I caused a copy of the foregoing Notice of Removal to be served upon the below attorneys of record via email on September 19, 2022:

J. Dominick Larry
Nick Larry Law LLC
1720 W. Division Street
Chicago, Illinois 60622
nick@nicklarry.law

         s/ *Orly Henry*
         One of Defendant's Attorneys

# EXHIBIT 1

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 12

FILED
7/27/2022 1:58 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH07257
Calendar, 12
18845312

FILED DATE: 7/27/2022 1:58 PM   2022CH07257

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

Summons - Alias Summons                                (03/15/21) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Asia Cooper, individually and on behalf of all
others similarly situated

                                            Plaintiff(s)



v.

Bickford of Tinley Park, LLC

                                            Defendant(s)

Case No.    2022CH07257

Bickford of Tinley Park, LLC
c/o Incorp Services, Inc.
901 S 2nd St, Ste 201
Springfield, IL 62704

Address of Defendant(s)

Please serve as follows (check one):  ○ Certified Mail   ○ Sheriff Service   ● Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE:** Your appearance date is NOT a court date.  It is the deadline
for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED
TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/
answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/
approved/procedures/appearance.asp.  After completing and saving your Appearance form, you can
electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

**Summons - Alias Summons**         **(03/15/21) CCG 0001 B**

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www. cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

| | |
|---|---|
| ◉ Atty. No.: 64846 | Witness date |
| ○ Pro Se 99500 | 7/27/2022 1:58 PM IRIS Y. MARTINEZ |
| Name: J. Dominick Larry, Nick Larry Law LLC | |
| Atty. for (if applicable): | Iris Y. Martinez, Clerk of Court |
| Plaintiff | ☐ Service by Certified Mail: |
| Address: 1720 W Division St | ☐ Date of Service: **AUG 1 8 2022** |
| City: Chicago | (To be inserted by officer on copy left with employer or other person) |
| State: IL  Zip: 60622 | |
| Telephone: 773.694.4669 | |
| Primary Email: nick@nicklarry.law | |

FILED DATE: 7/27/2022 1:58 PM   2022CH07257

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:      (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:      (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:      (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:      (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:      (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:      (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:      (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:      (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:      (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:      (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:      (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:      (708) 232-4551

Hearing Date: 11/28/2022 10:00 AM
Location: Court Room 2403
Judge: Hall, Sophia H

**12-Person Jury**

FILED
7/27/2022 12:37 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH07257
Calendar, 12
18842827

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

FILED DATE: 7/27/2022 12:37 PM  2022CH07257

| | |
|---|---|
| ASIA COOPER, individually and on behalf of all others similarly situated, | |
| *Plaintiff,* | Case No. |
| v. | **2022CH07257** |
| BICKFORD OF TINLEY PARK, LLC, | |
| *Defendant.* | |

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Asia Cooper, individually and on behalf of all others similarly situated, brings this Class Action Complaint and Demand for Jury Trial against Defendant Bickford of Tinley Park, LLC. Plaintiff alleges the following based upon personal knowledge as to Plaintiff's own experiences, and as to all other matters upon information and belief, including investigation conducted by Plaintiff's counsel.

### NATURE OF THE CASE

1.     This class action alleges violations of the Biometric Information Privacy Act, 740 ILCS 14/1–99 ("BIPA"). Plaintiff also alleges that Defendant violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1–15.

2.     Since 2008, BIPA has imposed a notice-and-consent requirement on companies possessing biometric data like fingerprints, voiceprints, and faceprints.

3.     Defendant collected Plaintiff's biometrics without proper notice and consent. Accordingly, Plaintiff seeks statutory damages as authorized by BIPA.

1

FILED DATE: 7/27/2022 12:37 PM   2022CH07257

4. Defendant also failed to pay Plaintiff her unused vacation time and promised bonuses upon the termination of her employment. Accordingly, she sues to recover those wages, with interest.

## PARTIES

5. Plaintiff is a citizen of Illinois and a resident of Cook County.

6. Defendant Bickford of Tinley Park, LLC is a Kansas limited liability company with a place of business located in Tinley Park, Illinois.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Defendant because Defendant is registered to do business in this State, Defendant conducts substantial business in this State, and because Plaintiff's claims arise out of Defendant's conduct within this State.

8. Venue is proper in Cook County because Defendant conducts substantial business in Cook County and the conduct giving rise to Plaintiff's claims occurred in Cook County.

## FACTUAL BACKGROUND

9. Defendant operates an assisted living and memory care facility in Tinley Park, Illinois.

10. Plaintiff worked for Defendant at its Tinley Park location.

**I.   Defendant Intentionally or Recklessly Violated BIPA**

11. Defendant required its hourly workers, including Plaintiff, to clock in and out of shifts with a timeclock that scanned the shape and relative arrangement of her hand.

12. The hand scanner was connected to Defendant's timekeeping and payroll system (collectively, the "Biometric System").

2

FILED DATE: 7/27/2022 12:37 PM    2022CH07257

13.     In addition to capturing and collecting scans of hand geometry, the Biometric System captured, collected, and maintained reference templates derived from workers' hand geometry.

14.     The Biometric System then compared the reference templates against each subsequent hand scan to identify the worker scanning in and associate the appropriate timekeeping information.

15.     Defendant did not explain the Biometric System to its workers.

16.     Defendant did not tell its workers how it used data collected through the Biometric System.

17.     Defendant did not tell its workers how long it kept the data collected through the Biometric System.

18.     Defendant's workers did not consent to Defendant's collection of their hand scans, or the identifying data derived from them.

19.     BIPA has been the law of the State of Illinois since 2008.

20.     At the beginning of the class period, BIPA had been in effect for roughly nine years.

21.     By the beginning of the class period, BIPA had also been in the news for some time: Facebook had been sued for BIPA violations over two years earlier,[1] and the case had already resulted in headline-generating rulings;[2] Google and Shutterfly had likewise found

---

[1]     *See* Tony Briscoe, *Suit: Facebook facial recognition technology violates Illinois privacy laws*, Chicago Tribune (Apr. 1, 2015), https://www.chicagotribune.com/news/breaking/ct-facebook-facial-recognition-lawsuit-met-story.html.

[2]     Russell Brandom, *Lawsuit challenging Facebook's facial recognition system moves forward*, The Verge (May 5, 2016), https://www.theverge.com/2016/5/5/11605068/facebook-photo-tagging-lawsuit-biometric-privacy; *see also* Joel Rosenblatt, *Is Facebook's Facial-Scanning Technology Invading Your Privacy Rights*, Bloomberg (Oct. 26, 2016),

3

FILED DATE: 7/27/2022 12:37 PM   2022CH07257

themselves in the news for alleged BIPA violations;[3] and the first BIPA fingerprint case had not only been filed, but it had also been settled and finally approved.[4]

22.     Throughout the class period, then, BIPA was well known, and its obligations clear.

## II.   Defendant Violated the Wage Payment and Collection Act

23.     In January and February 2022, Defendant requested that Plaintiff work extra shifts on January 31, 2022 and February 2, 2022. Defendant offered Plaintiff a $200 special bonus per shift, in addition to her regular hourly wage, to work those previously unscheduled shifts.

24.     Plaintiff accepted and worked previously unscheduled shifts on January 31, 2022 and February 2, 2022, expecting to be paid a $200 special bonus for each shift, in addition to her regular hourly wage.

25.     On her next paycheck, Plaintiff received a single $200 special bonus. To date, Plaintiff has not received the second $200 special bonus she was promised.

26.     As of her termination on February 11, 2022, Plaintiff had also accrued 26.805 hours of paid time off (PTO). At her regular wage of $16.48 per hour, that PTO equated to $441.75 in accrued compensation.

---

https://www.bloomberg.com/news/articles/2016-10-26/is-facebook-s-facial-scanning-technology-invading-your-privacy-rights.

[3]     Christopher Zara, *Google Gets Sued Over Face Recognition, Joining Facebook And Shutterfly In Battle Over Biometric Privacy In Illinois*, International Business Times (Mar. 4, 2016), https://www.ibtimes.com/google-gets-sued-over-face-recognition-joining-facebook-shutterfly-battle-over-2330278.

[4]     Jonathan Bilyk, *L.A. Tan settles fingerprint scan privacy class action for $1.5M; attorneys get $600K*, Cook County Record (Dec. 9, 2016), https://cookcountyrecord.com/stories/511056103-l-a-tan-settles-fingerprint-scan-privacy-class-action-for-1-5m-attorneys-get-600k; *see also* Melissa Daniels, *Tanning Co. Settles For $1.5M Under Illinois Biometric Law*, Law360 (Dec. 6, 2016), https://www.law360.com/articles/869828/tanning-co-settles-for-1-5m-under-illinois-biometric-law.

FILED DATE: 7/27/2022 12:37 PM    2022CH07257

27.     To date, Defendant has not paid Plaintiff for her accrued PTO.

**CLASS ALLEGATIONS**

28.     Plaintiff brings this action on behalf of the following class of similarly situated individuals:

> All individuals identified in Defendant's Biometric System within the five years preceding the filing of Plaintiff's complaint.

29.     Excluded from the Class are any members of the judiciary assigned to preside over this matter, any officer or director of Defendant, counsel for the Parties, and any immediate family member of any of the same.

30.     Upon information and belief, the Class contains scores, if not hundreds, of individuals. The Class is therefore so numerous that joinder of all members is impracticable. The precise number of Class members can be determined by reference to Defendant's records.

31.     Plaintiff's claims are typical of the proposed Class's. Because Plaintiff used the Biometric System in the same fashion as the Class members, Plaintiff's claims have the same factual and legal bases as the proposed Class members', and Defendant's conduct has resulted in identical injuries to Plaintiff and the other Class members.

32.     Common questions of law and fact will predominate over any individualized inquiries. Those common questions include:

a.     Whether Defendant collected the Class's biometric identifiers or biometric information;

b.     Whether Defendant published a written policy establishing a retention schedule and biometric-destruction guidelines;

c.     Whether Defendant obtained a written release prior to collecting the Class's biometrics;

d.     Whether Defendant informed the Class, in writing, of the purposes and duration for which their biometrics would be collected and stored; and

FILED DATE: 7/27/2022 12:37 PM   2022CH07257

e.      Whether Defendant is liable for $5,000 or only $1,000 per violation.

33.     Absent a class action, most Class members would find their claims prohibitively expensive to bring individually and would be left without an adequate remedy. Class treatment of the common questions is also superior because it conserves the Court's and Parties' resources and promotes efficiency and consistency of adjudication.

34.     Plaintiff will adequately represent the Class. Plaintiff has retained counsel experienced in biometric class actions. Plaintiff and Plaintiff's counsel are committed to vigorously litigating this action on the Class's behalf and have the resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to the Class.

35.     Defendant has acted on grounds generally applicable to Plaintiff and the Class, requiring the Court's imposition of uniform relief, including injunctive and declaratory relief to the Class.

**COUNT I**
**Violation of 740 ILCS 14/15**
**(On behalf of Plaintiff and the Class)**

36.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

37.     Defendant is a limited liability company and is therefore a private entity. 740 ICLS 14/10.

38.     By capturing and collecting scans of Plaintiff's and the Class's hand geometry through the Biometric System, Defendant collected Plaintiff's and the Class's biometric identifiers. 740 ILCS 14/10.

39.     By capturing, collecting, and maintaining reference templates and associated timekeeping information, Defendant captured and collected Plaintiff's and the Class's biometric information. 740 ILCS 14/10.

6

FILED DATE: 7/27/2022 12:37 PM    2022CH07257

40.     Prior to capturing and collecting Plaintiff's and the Class's biometric identifiers and information, Defendant did not inform Plaintiff and the Class in writing that their biometrics were being captured, collected, stored, and used. 740 ILCS 14/15(b)(1).

41.     Prior to capturing and collecting Plaintiff's and the Class's biometric identifiers and information, Defendant did not inform Plaintiff and the Class of the specific purpose for which their biometrics were being captured, collected, stored, and used. 740 ILCS 14/15(b)(2).

42.     Prior to capturing and collecting Plaintiff's and the Class's biometric identifiers and information, Defendant did not inform Plaintiff and the Class of the length of time that their biometrics would be maintained. 740 ILCS 14/15(b)(2).

43.     Prior to capturing and collecting Plaintiff's and the Class's biometric identifiers and information, Defendant did not obtain a written release authorizing such collection. 740 ILCS 14/15(b)(3).

44.     While Defendant was in possession of Plaintiff's and the Class's biometric identifiers and information, Defendant failed to provide a publicly available retention schedule detailing the length of time it would maintain Plaintiff's and the Class's biometrics and guidelines for permanently destroying the same. 740 ILCS 14/15(a).

45.     Accordingly, Plaintiff respectfully seeks an order, individually and on behalf of the Class, (a) declaring that Defendant's actions as set forth herein violate BIPA; (b) awarding injunctive and equitable relief as necessary to protect the Class; (c) finding Defendant's conduct intentional or reckless and awarding $5,000 in damages per violation, per Class member under 740 ILCS 14/20(2), or, if Defendant's conduct does not rise to that standard, $1,000 per violation, per Class member under 740 ILCS 14/20(1); (d) awarding Plaintiff and the Class their reasonable attorneys' fees, costs, and other litigation expenses under 740 ILCS 14/20(3); (e)

7

awarding Plaintiff and the Class pre- and post-judgment interest; and (f) awarding such other and further relief as the Court deems equitable and just.

**COUNT II**
**Violation of 820 ILCS 115/1–15**
**(Individually by Plaintiff)**

46.     Plaintiff incorporates the allegations set forth in paragraphs 1 through 35 as if fully set forth herein.

47.     Defendant is an employer under 820 ILCS 115/2.

48.     Plaintiff is an employee under 820 ILCS 115/2.

49.     Defendant terminated Plaintiff's employment on February 11, 2022. Accordingly, Defendant owed Plaintiff final compensation no later than the end of the following pay period, 820 ILCS 115/5.

50.     Plaintiff and Defendant entered into an employment agreement whereby Plaintiff would accrue PTO at the rate of 0.0309 hour per pay period. 820 ILCS 115/2.

51.     Plaintiff's accrued PTO hours are wages under 820 ILCS 115/2.

52.     By failing to pay Plaintiff her accrued PTO as part of her final compensation, Defendant violated 820 ILCS 115/3 and 820 ILCS 115/5.

53.     Accordingly, Plaintiff respectfully requests that this Court enter an order (a) declaring that Defendant's actions as set forth herein violate the Illinois Wage Payment and Collection Act; (b) awarding Plaintiff her $441.75 in accrued PTO; (c) awarding Plaintiff damages of 5% per month for each month from March 2022 until the date of payment; (d) awarding Plaintiff her reasonable attorneys' fees and costs pursuant to 820 ILCS 115/14; (e) awarding Plaintiff pre- and post-judgment interest; and (f) awarding such other and further relief as the Court deems equitable and just.

8

FILED DATE: 7/27/2022 12:37 PM   2022CH07257

FILED DATE: 7/27/2022 12:37 PM   2022CH07257

## COUNT III
### Violation of 820 ILCS 115/1–15
### (Individually by Plaintiff)

54. Plaintiff incorporates the allegations set forth in paragraphs 1 through 35 as if fully set forth herein.

55. Defendant is an employer under 820 ILCS 115/2.

56. Plaintiff is an employee under 820 ILCS 115/2.

57. Defendant terminated Plaintiff's employment on February 11, 2022. Accordingly, Defendant owed Plaintiff final compensation no later than the end of the following pay period. 820 ILCS 115/5.

58. Defendant's promise of $200 per shift for working previously unscheduled shifts on January 31, 2022 and February 2, 2022 was accepted by Plaintiff and therefore constituted an employment contract under 820 ILCS 115/2.

59. The $200 special bonuses promised to and earned by Plaintiff are wages under 820 ILCS 115/2.

60. By failing to pay Plaintiff the second $200 special bonus she had earned, Defendant violated 820 ILCS 115/3 and 820 ILCS 115/5.

61. Accordingly, Plaintiff respectfully requests that this Court enter an order (a) declaring that Defendant's actions as set forth herein violate the Illinois Wage Payment and Collection Act; (b) awarding Plaintiff her $200 special bonus; (c) awarding Plaintiff damages of 5% per month for each month from March 2022 until the date of payment; (d) awarding Plaintiff her reasonable attorneys' fees and costs pursuant to 820 ILCS 115/14; (e) awarding Plaintiff pre- and post-judgment interest; and (f) awarding such other and further relief as the Court deems equitable and just.

9

FILED DATE: 7/27/2022 12:37 PM   2022CH07257

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a.  Certifying the Class as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

b.  Declaring that Defendant's actions as set forth herein violate BIPA;

c.  Awarding injunctive and equitable relief as necessary to protect the Class;

d.  Finding Defendant's conduct intentional or reckless and awarding $5,000 in damages per violation of BIPA, per Class member under 740 ILCS 14/20(2), or, if Defendant's conduct does not rise to that standard, $1,000 per violation of BIPA, per Class member under 740 ILCS 14/20(1);

e.  Awarding Plaintiff payment of her $641.75 in unpaid wages, plus damages of 5% per month for every month from March 2022 until the date of payment, under 820 ILCS 115/14;

f.  Awarding Plaintiff and the Class their reasonable attorneys' fees, costs, and other litigation expenses;

g.  Awarding Plaintiff and the Class pre- and post-judgment interest; and

h.  Awarding such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: July 27, 2022                       **ASIA COOPER**, individually and on behalf
                                           of all others similarly situated,

                                           s/ J. Dominick Larry
                                           Plaintiff's counsel

J. Dominick Larry
NICK LARRY LAW LLC
1720 W. Division St.
Chicago, IL 60622
T: 773.694.4669
F: 773.694.4691
nick@nicklarry.law
Firm ID: 64846

*Plaintiff's Counsel*

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 12

FILED
7/27/2022 1:47 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH07257
Calendar, 12
18844919

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

ASIA COOPER, individually and on behalf
of all others similarly situated,

   *Plaintiff,*

     v.

BICKFORD OF TINLEY PARK, LLC,

   *Defendant.*

Case No. 2022CH07257

Hon. Sophia H. Hall

Calendar 12

Courtroom 2403

### MOTION FOR CLASS CERTIFICATION AND MEMORANDUM IN SUPPORT

Plaintiff Asia Cooper, through counsel, moves this Court for an order certifying this case

as a class action under Illinois Code of Civil Procedure Section 2-801. Plaintiff requests that the

Court enter and continue the motion until after discovery relating to class certification, at which

time Plaintiff will submit a more detailed supporting memorandum of points and authorities.[1]

### INTRODUCTION

The Biometric Information Privacy Act, 740 ILCS 14/1–99 ("BIPA") imposes a notice-

and-consent requirement on companies possessing biometric data like fingerprints, voiceprints,

scans of hand geometry, and faceprints. Defendant captured Plaintiff's biometrics without proper

notice and consent. *See* Compl. ¶¶ 10–17. Accordingly, Plaintiff sued seeking statutory damages

as authorized by BIPA.

---

[1]  Plaintiff files this motion before discovery to prevent Defendant from attempting to moot
Plaintiffs' representative claims by tendering an offer for the full amount of their individual
damages while leaving the proposed Class without relief and subject to further and ongoing
harm. *See Joiner v. SVM Mgmt.*, 2020 IL 124671, ¶ 58 (holding "that an effective tender made
before a named plaintiff purporting to represent a class files a class-certification motion satisfies
the named plaintiff's individual claim and moots her interest in the litigation.").

FILED DATE: 7/27/2022 1:47 PM 2022CH07257

Plaintiff's claims should be certified on behalf of the class proposed below. Defendant acted uniformly toward the Class: it collected scans of every class members' hand geometry, extracted identifying reference points from those hand scans, and associated that data with identifying timekeeping information; it failed to inform the members or obtain their consent prior to doing so; and it failed to publish guidelines for retaining and destroying the information collection and captured. *See* Compl. ¶¶ 10–17. With such uniformity, certification is proper under Section 2-801.

Accordingly, Plaintiff seeks to certify a class of "All individuals identified in Defendant's Biometric System within the preceding five years."

**FACTS**

Defendant operates an assisted-living facility in Tinley Park. Compl. ¶ 8. Plaintiff worked for Defendant at its Tinley Park location. *Id.* ¶ 9. Defendant required its hourly workers, including Plaintiff, to clock in and out of shifts with a hand scanner. *Id.* ¶ 10. The fingerprint scanner was connected to Defendant's timekeeping and payroll system (collectively, the "Biometric System"). *Id.* ¶ 11.

In addition to collecting fingerprints, the Biometric System collected and maintained reference templates derived from workers' hand scans. *Id.* ¶ 12. The Biometric System then compared the reference templates against each subsequent hand scan to identify the worker scanning in and associate the appropriate timekeeping information. *Id.* ¶ 13.

Defendant did not explain the Biometric System to its workers. Compl. ¶ 14. Defendant did not tell its workers how it used data collected through the Biometric System. *Id.* ¶ 15. Defendant did not tell its workers how long it kept the biometric data. *Id.* ¶ 16. Defendant's

2

FILED DATE: 7/27/2022 1:47 PM   2022CH07257

workers did not consent to Defendant's collection of scans of their hand geometry or the

identifying data derived from them. *Id.* ¶ 17.

## ARGUMENT

Class certification is governed by Illinois Code of Civil Procedure Section 2-801. Under

that rule, a certifying Court must find:

(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As detailed below, the proposed Class passes the test.

**A.      The Class is sufficiently numerous.**

A class is "so numerous that joinder of all members is impracticable," *id.* if "such a large

number of plaintiffs in a single suit would render the suit unmanageable and, in contrast,

multiple separate claims would be an imposition on the litigants and the courts." *Gordon v.*

*Boden*, 224 Ill. App. 3d 195, 200 (Ill. App. Ct. 1991).

Here, Defendant requires its hourly workers to clock in and out using the Biometric

System. Compl. ¶ 10. Given Defendant's size, the multi-year period involved, and high turnover

in hourly work, the Class likely consists of hundreds of members. Compl. ¶ 24. Thus, the Court

has "an ample basis" to find that "joinder of all members is impracticable." *Carrao v. Health*

*Care Serv. Corp.*, 118 Ill. App. 3d 417, 427 (Ill. App. Ct. 1983); *Maxwell v. Arrow Fin. Servs.,*

FILED DATE: 7/27/2022 1:47 PM   2022CH07257

No. 03-cv-1995, 2004 WL 719278, at *2 (N.D. Ill. Mar. 31, 2004) ("The court is permitted to make common sense assumptions that support a finding of numerosity.").

**B.    Common issues predominate.**

Common questions must "predominate over any questions affecting only individual [class] members." 735 ILCS 5/2-801(2). Common questions exist when the members are aggrieved by similar misconduct. *Miner v. Gillette Co.*, 87 Ill. 2d 7, 19 (Ill. 1981). They predominate when they "generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (cleaned up).

BIPA requires companies possessing biometrics to publish a written policy containing a biometric retention schedule and destruction guidelines. 740 ILCS 14/15(a). It also prohibits biometric collection without first informing the subject of both the collection and of the purpose and length of time for which the biometrics will be stored, and obtaining a written release from the subject. 740 ILCS 14/15(b).

BIPA claims naturally raise common questions: Did Defendant collect the Class's biometric identifiers? What about their biometric information? Did Defendant abide by BIPA's notice-and-consent regime? If not, was that failure intentional or reckless, or merely negligent? *See* Compl. ¶ 26.

Defendant's uniform conduct dictates common answers to those questions. Defendant scanned each Class Member's hand geometry, which is definitionally a "biometric identifier." *See* 740 ILCS 14/10. And Defendant extracted reference points from each of those scans and correlated them with identifying timekeeping data. *Id.* ¶ 12. Plaintiff likewise used the Biometric System in the same fashion as the Class members, *id.* ¶ 25, so Defendant's failure to comply with

4

FILED DATE: 7/27/2022 1:47 PM 2022CH07257

the notice-and-consent provisions (and its state of mind in so doing) can be adjudicated once and for all. Common issues therefore predominate as required.

**C.      Plaintiff is an adequate representative.**

To ensure "that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim," *Purcell and Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069 1078 (Ill. Ct. App. 1988), a movant must show that they and their counsel "will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3).

Here, Plaintiff has retained counsel experienced in biometric class actions. Compl. ¶ 28. Plaintiff and Plaintiff's counsel are committed to vigorously litigating this action on the Class's behalf, and have the resources to do so. *Id.* Neither Plaintiff nor Plaintiff's counsel have any interest adverse to the Class. *Id.* Plaintiff will therefore adequately represent the Class.

**D.      Class proceedings are appropriate.**

Finally, to show class proceedings appropriate for resolving the case, 735 ILCS 5/2-801(4), Plaintiff must show that a class action "(1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App.3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Id.* at 204.

Here, class litigation would serve the ends of equity and justice by deciding the dispositive issues in one fell swoop, leading to either total and final vindication for Defendant, or due compensation for each worker affected by Defendant's conduct. Sealing the deal is the fact that the Class members' claims are too small relative to the resources necessary to pursue their

claims. Compl. ¶ 27. Thus, the "class action is the only practical means for class members to receive redress." *Gordon*, 224 Ill. App. 3d at 204 (quotation omitted).

## CONCLUSION

As detailed above, this case is appropriate for class certification. Discovery will prove as much. Accordingly, Plaintiff moves the Court to: (1) enter and reserve ruling on this motion; (2) allow for discovery on class-certification issues; (3) grant Plaintiff leave to file an amended supporting memorandum upon completion of class discovery; (4) certify the class after full briefing; and (5) provide all other and further relief that is equitable and just.

Dated: July 27, 2022                           **ASIA COOPER**, individually and on behalf
of all others similarly situated,

                                     s/ J. Dominick Larry
                                        Plaintiff's counsel

J. Dominick Larry
NICK LARRY LAW LLC
1720 W. Division St.
Chicago, IL 60622
T: 773.694.4669
nick@nicklarry.law
Firm ID: 64846

*Attorney for Plaintiff and the Class*

FILED DATE: 7/27/2022 1:47 PM 2022CH07257

6

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ASIA COOPER, individually and on behalf of all others similarly situated,** | |
| Plaintiff, | Case No.   22-cv-5091 |
| v. | Removed from the Circuit Court of Cook County, Case No. 2022 CH 07257 |
| **BICKFORD OF TINLEY PARK, LLC,** | |
| Defendant. | |

## DECLARATION OF MICHAEL D. EBY

I, Michael D. Eby, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am a citizen of the United States, over 18 years of age, and competent to testify as to the matters contained in this Declaration. If called as a witness, I could and would competently testify to these same facts.

2.      I have personal knowledge of the facts set forth in this Declaration, or I have knowledge of such facts based upon corporate records which I have reviewed. Such corporate records are maintained in the regular course of business.

3.      I am currently employed by Bickford Senior Living Group, LLC as the Chief Financial Officer. Through my role, I am familiar with the corporate structure of Bickford Senior Living Group, LLC and its affiliated companies, including Bickford of Tinley Park, LLC ("Bickford"), and their members. I am also familiar with the timekeeping system used by Bickford.

4.      Bickford is a limited liability company whose sole member is another limited liability company, Bickford Master II, LLC. The sole member of Bickford Master II, LLC is another limited liability company, Sycamore Street, LLC. The members of Sycamore Street, LLC are Alan Fairbanks, Michael Eby, Joseph Eby, and Andrew Eby, all individuals who are citizens

of Kansas, and The Eby Group, Inc., a corporation both incorporated and with its principal place of business in Kansas.

5.      Bickford operates an assisted living and memory care facility located at 17301 80th Avenue in Tinley Park, Illinois.

6.      Bickford's records reflect that Plaintiff Asia Cooper worked at its facility from approximately October 12, 2020 to February 2022. Just during the period from the beginning of 2022 until her termination, Ms. Cooper worked over 20 shifts at Bickford.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 19, 2022

_____
Michael D. Eby

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ASIA COOPER, individually and on behalf of all others similarly situated,** | |
| Plaintiff, | Case No.    22-cv-5091 |
| v. | Removed from the Circuit Court of Cook County, Case No. 2022 CH 07257 |
| **BICKFORD OF TINLEY PARK, LLC,** | |
| Defendant. | |

<u>**NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL**</u>

To:    J. Dominick Larry
NICK LARRY LAW LLC
1720 W. Division Street
Chicago, Illinois 60622
*nick@nicklarry.law*

PLEASE TAKE NOTICE that, on September 19, 2022, Defendant Bickford of Tinley Park, LLC, by and through its attorneys, Littler Mendelson, P.C., filed its Notice of Removal with the Clerk of the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, of this action now pending in the Circuit Court of Cook County, Case No. 2022 CH 07257. A copy of that Complaint was filed with the Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal is attached to this Notice and hereby served upon you.

Dated:  September 19, 2022                                    Respectfully submitted,

                                                            **BICKFORD OF TINLEY PARK, LLC**

                                                            *s/ Orly Henry*
                                                            One of Defendant's Attorneys

Orly Henry
*ohenry@littler.com*
Littler Mendelson, P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois  60654
Phone: (312) 372-5520

Jeffrey D. Hanslick
*jhanslick@littler.com*
Littler Mendelson, P.C.
1201 Walnut Street, Suite 1450
Kansas City, Missouri 64106
Phone: (816) 627-4400

*Attorneys for Defendant Bickford of Tinley Park, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Orly Henry, an attorney, certify that I caused a copy of the foregoing Notice to Adverse Party of Filing of Notice of Removal to be served upon the below attorneys of record via email on September 19, 2022:

J. Dominick Larry
NICK LARRY LAW LLC
1720 W. Division Street
Chicago, Illinois 60622
*nick@nicklarry.law*

*s/ Orly Henry*
One of Defendant's Attorneys

# EXHIBIT 4

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| **ASIA COOPER, individually and on behalf of all others similarly situated,** | |
| Plaintiff, | Case No. 2022 CH 07257 |
| v. | |
| **BICKFORD OF TINLEY PARK, LLC,** | |
| Defendant. | |

## <u>DEFENDANT'S NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that, on September 19, 2022, Defendant Bickford of Tinley Park, LLC, by and through its attorneys, Littler Mendelson, P.C., filed its Notice of Removal with the Clerk of the United States District Court for the Central District of Illinois, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A true and correct copy of the Notice of Removal is attached as Exhibit A

PLEASE TAKE FURTHER NOTICE that the filing of said Notice of Removal in Federal Court, together with the filing of a copy of said Notice with this Court, effects the removal of this action in accordance with 28 U.S.C. § 1446(d).

*Signature page follows*

Dated:  September 19, 2022

Respectfully submitted,

**BICKFORD OF TINLEY PARK, LLC**

*s/ Orly Henry*

One of Defendant's Attorneys

Orly Henry
*ohenry@littler.com*
Littler Mendelson, P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois  60654
Phone: (312) 372-5520

Jeffrey D. Hanslick
*jhanslick@littler.com*
Littler Mendelson, P.C.
1201 Walnut Street, Suite 1450
Kansas City, Missouri 64106
Phone: (816) 627-4400

*Attorneys for Defendant Bickford of Tinley Park, LLC*

## **CERTIFICATE OF SERVICE**

      I, Orly Henry, an attorney, hereby certify that on September 19, 2022, I caused the foregoing document to be filed with the Clerk of the Court using the Odyssey eFileIL system and served upon the following via email:

J. Dominick Larry

NICK LARRY LAW LLC

1720 W. Division Street

Chicago, Illinois 60622

*nick@nicklarry.law*

                                  *s/ Orly Henry*

                                  One of Defendant's Attorneys